Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| ARMANDO LUIS MELENDEZ COLON<br><br>PETICIONARIO<br><br><br>v.<br><br><br>JEANETTE MAISONET TORRES<br><br>RECURRIDA | TA2025CE00753 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Caso Núm.: BY2022CV03759<br><br><br>Sobre: Liquidación de Bienes Gananciales |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

Lotti Rodríguez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Comparece el Sr. Armando Luis Meléndez Colón (en adelante, Sr. Meléndez Colón o peticionario) mediante recurso de *Certiorari* presentado el 13 de noviembre de 2025 y nos solicita que revoquemos la orden emitida en corte abierta el 23 de septiembre de 2025, elevada a escrito y notificada el 15 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, foro primario o TPI). Mediante el referido dictamen se ordenó al peticionario contestar y proveer documentación solicitada en varios incisos de un *Segundo Requerimiento de Producción de Documentos al amparo de la Regla 31* cursado por la Sra. Jeanette Maisonet Torres (en adelante, Sra. Maisonet Torres o recurrida).

## I.

El Sr. Meléndez Colón y la Sra. Maisonet Torres estuvieron casados bajo el régimen de sociedad legal de bienes gananciales desde el 2 de enero de 1988 hasta el 20 de julio de 2022, fecha en que se disolvió el vínculo matrimonial mediante sentencia de

divorcio que advino final y firme al momento de su notificación.[1] Ambas partes quedaron sujetas a órdenes previas del TPI relativas a la coadministración de los bienes y a la presentación del inventario conjunto.[2]

Así las cosas, el 23 de julio de 2022, luego de decretado el divorcio por ruptura irreparable, el Sr. Meléndez Colón presentó una *Demanda* de Liquidación de Sociedad Legal de Bienes y Deudas Gananciales contra su exesposa, la Sra. Maisonet Torres, solicitando la división, liquidación y partición de bienes y deudas gananciales, adjudicándose los créditos correspondientes a cada excónyuge y la parte correspondiente en los bienes y deudas.[3] El 13 de octubre de 2022, la recurrida presentó su *Contestación a Demanda* y reconvención[4], para la cual el peticionario presentó su *R[é]plica a Reconvenci[ó]n* el 2 de noviembre de 2022.[5]

Tras varios incidentes procesales y un extenso período de descubrimiento de prueba, el 7 de noviembre de 2024, la recurrida notificó al peticionario un *Segundo Requerimiento de Producción de Documentos al amparo de la Regla 31*[6], mediante el cual solicitó información económica, corporativa y operacional sobre More Steel & Aluminum Products, Inc. y More Investment & Trading Corp.[7], así como datos sobre ingresos, inversiones y operaciones posteriores al divorcio. En respuesta, el peticionario presentó una *Solicitud Urgente de Orden Protectora a favor de la Parte Demandante*, en la que alegó que la mayoría de esos requerimientos estaban relacionados a documentación que tendría que ser producida por

---

[1] Anejo 1 de la Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Anejo 2 de la Entrada 1 del SUMAC del TPI.
[3] Entrada 1 del SUMAC del TPI.
[4] Entrada 13 del SUMAC del TPI.
[5] Entrada 17 del SUMAC del TPI.
[6] Anejo 2 del recurso de *Certiorari*, Entrada 1 del SUMAC del TA.
[7] Según surge del expediente, estas corporaciones no son parte del pleito, pero la recurrida le cursó varios requerimientos de descubrimiento de prueba para obtener información sobre las acciones de estas entidades que poseían en conjunto en la comunidad post ganancial.

terceros, en este caso, las corporaciones More Steel & Aluminum Products, Inc. y More Investment & Trading Corp.[8] Mediante *Moción en Cumplimiento de Órdenes y Oposición a varios escritos*, la recurrida se opuso a la orden protectora y solicitó al foro primario que dictara órdenes para compeler al Sr. Meléndez Colón y a las corporaciones –quienes previamente también se habían opuesto a los requerimientos dirigidos a ellos– a producir la documentación solicitada.[9]

Tras varios incidentes, el TPI señaló una vista argumentativa para el 16 de enero de 2025, en la cual atendería los planteamientos respecto al descubrimiento de prueba pendiente.[10] Celebrada la vista, el TPI emitió una *Orden* en la que dispuso que al peticionario le correspondía contestar, en su carácter personal, varios incisos del *Segundo Requerimiento de Producción de Documentos al amparo de la Regla 31*.[11] A esos efectos, el peticionario contestó parcialmente y objetó varias premisas de dicho requerimiento, alegando falta de pertinencia y naturaleza privativa de la información solicitada.[12] El 2 de julio de 2025, la recurrida, inconforme con las respuestas y objeciones del peticionario, presentó una nueva *Solicitud de Órdenes para compeler descubrimiento de prueba*, requiriéndole al TPI que dictara orden para compeler al Sr. Meléndez Colón a contestar responsivamente el requerimiento y la producción de documentos solicitada.[13]

Mediante *Orden* dictada el 15 de septiembre de 2025, el TPI refirió la controversia a la vista señalada para el 23 de septiembre de 2025, con el fin de discutir las objeciones del peticionario y determinar el alcance del descubrimiento.[14] En esa vista, el TPI

---

[8] Entrada 239 del SUMAC del TPI.
[9] Entrada 245 del SUMAC del TPI.
[10] Entrada 255 del SUMAC del TPI.
[11] Entrada 256 del SUMAC del TPI.
[12] Entrada 338 del SUMAC del TPI.
[13] Véanse entradas 402 y 436 del SUMAC del TPI.
[14] Entrada 442 del SUMAC del TPI.

resolvió, entre otras cosas, que el peticionario debía contestar los siguientes requerimientos:

**18. Todo documento que incluya una relación detallada actualizada, por tipo de ingreso, de todos los ingresos de usted, para los últimos 5 años y hasta la fecha más reciente cercana a la producción de documentos. Esta relación debe coincidir con el total que se informó en los estados financieros y/o en las planillas de contribución sobre ingresos. En caso de no coincidir (planillas y/o estados financieros) debe suministrarse la reconciliación correspondiente y su explicación.**

El TPI ordenó responder para el período de enero 2024 hasta la fecha en que se conteste.

**22. Relación detallada actualizada de tod[a]s las inversiones hechas por usted, o para beneficio suyo, para los últimos años y hasta la fecha más reciente cercana a la producción de documentos. Incluyendo y sin limitación inversiones en entidades pública[s] o privadas.**

El TPI ordenó responder para el período de enero 2024 hasta la fecha en que se conteste.

**29. Provea copia de todo documento que identifique todo monto dinerario o en especie que se le haya pagado a los accionistas u oficiales de More Investment & Trading Corp. a partir de enero de 2022.**

El TPI ordenó responder para el período de julio 2022 hasta la fecha en que se conteste. Además, que sólo compete lo pagado al Sr. Meléndez Colón y que no es pertinente lo pagado a los accionistas u oficiales de la corporación.

**30. Si la distribución a la que se refiere el requerimiento anterior fue en bienes distintos de dinero, provea cop[i]a de todo documento que refleje cuál fue el valor justo de mercado de la propiedad distribuida a cada accionista a la fecha de distribución.**

El TPI ordenó responder en vista de que se ordenó contestar la pregunta 29.

**31. Provea copia de todo documento que identifique todo monto dinerario o en especie que se le haya pagado a los accionistas u oficiales de More Steel & Aluminum Products, Inc. a partir de enero de 2022.**

El TPI ordenó responder limitado a lo pagado específicamente al Sr. Meléndez Colón para el período de julio 2022 hasta la fecha en que se conteste.

**32. Si la distribución a la que se refiere el requerimiento anterior fue en bienes distintos de dinero, provea cop[i]a de todo documento que refleje**

**cuál fue el valor justo de mercado de la propiedad distribuida a cada accionista a la fecha de distribución.**

El TPI ordenó responder en vista de que se ordenó contestar la pregunta 29.

**28. Copia de todos los acuerdos entre accionistas (acuerdos de no competencia, operacionales y/o financieros) de cualquier corporación o compañ[í]a relacionada directa o indirect[a]mente a usted.**

El TPI ordenó responder en concreto y bajo juramento.

**34. Toda la documentación suya o de cualquier corporación o compañ[í]a relacionada directa o indirectamente a usted, incluyendo comunicaciones internas de la corporación, relacionadas a todas las ofertas hechas para que terceros compren More Steel & Aluminum Products, Inc.**

El TPI ordenó responder en concreto y bajo juramento.

**35. Toda la documentación suya o de cualquier corporación o compañ[í]a relacionada directa o indirectamente a usted, incluyendo comunicaciones internas de la corporación, relacionadas a todas las ofertas recibidas de terceros para comprar a More Steel & Aluminum Products, Inc.**

El TPI ordenó responder en concreto y bajo juramento.

**45. Provea copia de todo documento que refleje si usted ha gestionado de invertir en otra corporación o negocio que se dedique a la misma industria que la que pertenece More Steel & Aluminum Products, Inc.**

El TPI ordenó responder la pregunta según redactada.[15]

Inconforme con lo ordenado, el 13 de noviembre de 2025, el peticionario presentó ante nos un recurso de *Certiorari*, alegando que el foro primario cometió los siguientes errores:

**PRIMER ERROR:**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR AL SR. ARMANDO MELÉNDEZ, EN UN CASO SOBRE DIVISIÓN DE BIENES GANANCIALES, A CONTESTAR PREGUNTAS DEL SEGUNDO PLIEGO DE INTERROGATORIO Y REQUERIMIENTO DE PRODUCCI[Ó]N DE DOCUMENTOS QUE VERSAN SOBRE BIENES PRIVATIVOS DE ESTE Y LUEGO DE DECRETADO EL DIVORCIO ENTRE LAS PARTES. AL ASÍ HACERLO, ABUSÓ DE SU DISCRECIÓN EL TPI.**

**SEGUNDO ERROR:**

---

[15] Entrada 450 del SUMAC del TPI.

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR AL SR. ARMANDO MELÉNDEZ, EN UN CASO SOBRE DIVISIÓN DE BIENES GANANCIALES, A CONTESTAR PREGUNTAS DEL SEGUNDO PLIEGO DE INTERROGATORIO Y REQUERIMIENTO DE PRODUCCI[Ó]N DE DOCUMENTOS QUE VERSAN SOBRE LA SITUACIÓN ECONÓMICA ACTUAL DE UNA COMPAÑÍA QUE YA FUE VENDIDA; QUE NO ES PARTE EN EL LITIGIO Y CUYO IMPORTE DE VENTA SE ENCUENTRA CONSIGNADO EN EL TRIBUNAL. AL ASÍ HACERLO, ABUSÓ DE SU DISCRECIÓN EL TPI.**

En esencia, reitera que la información sobre la situación económica actual del peticionario, así como la de la compañía More Steel & Aluminum Products, Inc., que fue vendida en marzo de 2025, no es pertinente al pleito y que, por tanto, el TPI abusó de su discreción al ordenar la producción de la información solicitada.

El 12 de diciembre de 2025, la Sra. Maisonet Torres presentó su *Alegato de la parte recurrida*, argumentando que la información solicitada era pertinente para determinar si existe actividad económica que pueda reflejar la existencia de bienes o ingresos relacionados a la comunidad post ganancial o que pudieran afectar su liquidación, y que el TPI actuó dentro de su discreción al ordenar la producción requerida.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso ante nuestra consideración.

## II.

### *A. Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus

méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo,* 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia,* 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo,* supra, pág. 372, citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation,* 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra,* dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias […] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), R. 40, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari. Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000),

citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró, supra*, pág. 336.

Asimismo, el Tribunal Supremo de Puerto Rico ha expresado que "la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos". *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. De manera que, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito en el foro primario. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992).

### B. Manejo de casos por el foro primario

Es doctrina reiterada que los jueces de instancia gozan de amplia discreción y flexibilidad en el manejo cotidiano y la tramitación de los asuntos que se ventilan ante sus salas. *BPPR v. SLG Gómez-López, supra*, pág. 334; *In re Collazo* I, 159 DPR 141, 150 (2003); *Vives Vázquez v. ELA*, 142 DPR 117, 141 (1996). La deferencia a su criterio responde al principio de que los tribunales apelativos no deben sustituir ni dirigir la conducción del trámite ordinario de los casos que corresponden al foro primario. *BPPR v. SLG Gómez-López, supra*, citando a *Mejías Montalvo v. Carrasquillo Martínez*, 185 DPR 288, 306-307 (2012). Como es sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para adoptar las medidas necesarias que permitan

cimentar el curso a trazar y así llegar eventualmente a una disposición final. *Id.*

En consecuencia, la norma general dispone que los foros apelativos no intervendrán en la discreción de los foros primarios, salvo que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. SLG Gómez-López, supra,* pág. 334; *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 273 (2021). El uso adecuado de esa discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *BPPR v. SLG Gómez-López, supra,* pág. 335; *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013); *Rivera Durán v. Banco Popular,* 152 DPR 140, 155 (2000).

No obstante, la deferencia cede cuando se acredita que el tribunal incurrió en un abuso de discreción, actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. SLG Gómez-López, supra*; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 207. Por lo tanto, si en la solicitud ante nuestra consideración no concurren tales criterios y la actuación del foro primario cuenta con un fundamento razonable y no afecta derechos sustanciales de las partes, debe prevalecer el criterio del juez de instancia, quien es, a fin de cuentas, el llamado a dirigir el proceso. *Sierra v. Tribunal Superior,* 81 DPR 554, 572 (1959).

Por otro lado, es un principio reiterado que el descubrimiento de prueba debe ser uno amplio y liberal. *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 496 (2022); *Berríos Falcón, et al. v. Torres Merced,* 175 DPR 962, 971 (2009); *Rivera y otros v. Bco. Popular, supra,* pág. 152. Asimismo, nuestro Tribunal Supremo ha expresado que "los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación

garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes." *Cruz Flores et al. v. Hosp. Ryder et al., supra*, págs. 496-497. Esto debido a que, utilizando de manera adecuada este mecanismo, se aceleran los procedimientos, las transacciones y, se evitan sorpresas indeseables durante la celebración del juicio. *McNeil Healthcare, LLC v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021).

No obstante, nuestro ordenamiento establece dos restricciones a dicho mecanismo: (1) que la información objeto del descubrimiento no sea privilegiada y (2) que la misma sea pertinente al asunto o controversia. *Cruz Flores et al. v. Hosp. Ryder et al., supra*; *McNeil Healthcare, LLC v. Mun. Las Piedras II, supra*, pág. 273*; Rivera y otros v. Bco. Popular, supra*. En relación con el concepto de pertinencia, para propósitos del descubrimiento de prueba, este es mucho más amplio que el utilizado en el área del derecho probatorio para la admisibilidad de la prueba. *Alvarado v. Alemañy*, 157 DPR 672, 683 (2002); *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001); *Medina v. M.S. & D. Química PR, Inc.*, 135 DPR 716, 731 (1994).

Por ello, se puede admitir el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido planteadas en las alegaciones, siempre que exista una posibilidad razonable de relación con el asunto en controversia. *García Rivera et al. v. Enríquez, supra*, págs. 333-334.

**III.**

Luego de examinado el recurso ante nuestra consideración, no hemos encontrado fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, y la Regla 52.1 de

Procedimiento Civil, *supra.* No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción, por tanto, este Tribunal no debe intervenir con el ejercicio de la discreción del foro primario.

### IV.

Por los fundamentos que anteceden, denegamos el auto de *certiorari* ante nuestra consideración.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones